UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ASCENZI, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-06-0371 |
| v. | : |
| | : (JUDGE VANASKIE) |
| CHARLES ERICKSON, | : |
| | : |
| Respondent. | : |
| | : |

**M E M O R A N D U M**

**I.    Introduction.**

On February 21, 2006, Michael J. Ascenzi, an inmate at the Retreat State Correctional Institution ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Named as respondents are Charles Erickson, the Superintendent at SCI-Retreat, and the Attorney General of the Commonwealth of Pennsylvania.  Ascenzi challenges a 2002 Luzerne County Court of Common Pleas conviction for criminal trespass, a summary offense, for which the Court imposed a $100.00 fine, plus costs and restitution.

Having thoroughly reviewed Petitioner's submissions, and the Respondents' response, I will dismiss the Petition for lack of jurisdiction since Petitioner was not "in custody"as a consequence of the summary offense at the time he filed his habeas petition as

required by 28 U.S.C. § 2254.  Moreover, he is not subject to any collateral consequences from the summary offense conviction sufficient to warrant exercise of jurisdiction, even if he had been in custody as a result of that conviction when this proceeding was brought.

**II.     Background.**

On February 6, 1997, Ascenzi was convicted in the Luzerne County Court of Common Pleas for various drug related offenses.  He received a 4 ½ to 10 year sentence for that conviction.  He was paroled on June 29, 2001.

While on parole, Petitioner was arrested on October 24, 2001, for receiving stolen property and criminal trespass.  (Doc. 8, Petitioner's Memorandum in Support of his Petition).   On September 12, 2002, the state trial court judge dismissed the receiving stolen property charge, and reduced the misdemeanor criminal trespass charge to a summary offense.  Following a non-jury trial, Ascenzi was convicted of trespass and ordered to pay a fine of one hundred ($100) dollars, plus costs and restitution.

Ascenzi did not receive a jail sentence for this conviction.  Nor did the court impose any period of probation.  However, the Pennsylvania Board of Probation and Parole lodged a detainer against him and eventually recommitted him as a convicted parole violator on January 1, 2003, resulting in the loss of approximately 95 days of Petitioner's street time.  (Id.) The consequence of the loss of street time is that the maximum date on his 1997 sentence was

extended.[1]

Ascenzi appealed the summary offense conviction to the Pennsylvania Superior Court, which affirmed the conviction. Commonwealth v. Ascenzi, 1710 MDA 02 (Superior Court)(July 23, 2003). On November 17, 2005, the Pennsylvania Supreme Court denied Ascenzi's petition for allocatur. Commonwealth v. Ascenzi, 889 A.2d 87, 585 Pa. 694 (Pa. Super. 2005)(table).

On February 21, 2006, Petitioner filed the instant § 2254 Petition seeking an order either vacating his criminal trespass conviction or remanding the matter for a new trial. Ascenzi asserted the following grounds for relief: (1) ineffective assistance of trial counsel; (2) failure of the trial judge to recuse himself; (3) denial of the right to a trial by jury; (4) use of perjured testimony by the prosecutor; (5) use of evidence obtained pursuant to an unlawful arrest; (6) improper admission of Petitioner's prior conviction at trial; and (7) insufficiency of the evidence. Recognizing that the summary offense conviction did not result in any sentence of confinement or other restraint on liberty sufficient to confer jurisdiction for a habeas corpus challenge to the conviction, Ascenzi suggests that a decision setting aside the summary

---

[1] Ascenzi has filed in this Court a number of actions, six of which are presently pending. These actions concern, among other things, revocation of Ascenzi's parole as a technical parole violator in 2004, and is styled, Ascenzi v. Erickson, No. 3:05-CV-02632. Included in the case file for No. 3:05-CV-02362 as part of Dkt. Entry 10-2 is a Sentence Status Summary, showing that Ascenzi's original maximum date on his 1997 conviction was Dec. 9, 2006, and was extended to April 2, 2007, apparently reflecting the forfeiture of street time.

offense conviction will enable him to restore the forfeited street time, thereby shortening the period of time covered by the original criminal justice sentence.

There have been a number of other developments, however, that bear on his quest to challenge in federal court a conviction that otherwise may not be the subject of a proceeding under 28 U.S.C. § 2254. First, on September 22, 2003, Ascenzi was paroled on the reincarceration that resulted from the summary offense. On December 20, 2004, after testing positive for the presence of opiates, Ascenzi was recommitted as a technical parole violator. He was also arrested on new drug charges. It is undisputed that on May 23, 2005, following a plea of guilty, Ascenzi was sentenced to two (2) to four (4) years for this new criminal conduct.[2]

**III.    Discussion.**

In order to obtain habeas corpus relief from a state court conviction, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody" is defined not only as physical confinement, but also includes circumstances entailing such limitations on a person's liberty as those imposed during parole. See Maleng v. Cook, 490 U.S. 488, 491 (1989). This requires that, at the time his habeas

---

[2] Ascenzi attached the docket sheet pertaining to his 2005 sentence to a civil rights complaint he filed in connection with that matter, and captioned Ascenzi v. O'Brien, No. 3:05-CV-01184. The docket sheet indicates that Ascenzi received time-served credit of 139 days on the sentence of 2 to 4 years.

petition is filed, the petitioner must be "in custody" pursuant to the conviction or sentence he seeks to attack. Young v. Vaughn, 83 F.3d 72, 73 (3d Cir.1996).  A petitioner on probation or parole for the conviction he seeks to attack satisfies  the "in custody" requirement for purposes of the habeas statute. Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004)(quoting Maleng v. Cook, 490 U.S. at  490-91).  However, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. See Maleng, 490 U.S. at 491.

Collateral consequences of a conviction, such as the obligation to pay "restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." Obado v. State of New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).  This is because the writ of habeas corpus functions primarily to secure immediate relief from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).   Where a petitioner suffers no present restraint resulting from an expired conviction, he is not "in custody" for the purposes of invoking federal habeas jurisdiction to challenge that conviction. Maleng, 490 U.S. at 492.  "[C]ustody is the passport to federal habeas corpus jurisdiction.  Without custody, there is no detention.  Without detention, or possibility thereof, there is no federal habeas jurisdiction." United States ex rel. Dessus v. Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971).

When Petitioner commenced this proceeding he was not in custody as a

consequence of the summary offense conviction.  That criminal conduct did not result in any period of confinement or restraint on liberty.  Moreover, while he was incarcerated as a parole violator on the basis of the summary offense, he had been re-paroled in September of 2003.  Thus, he was not in custody as a consequence of the summary offense when he brought this proceeding in 2006.

Petitioner contends that he lost 95 days of street time as a result of the Parole Board's revocation of his parole based on the criminal trespass conviction, requiring him to "serve a longer sentence in futuro to max out his original case."  (Dkt. Entry 13, Traverse, at 4.)  Ascenzi's argument may have substance were it not for the fact that his parole had been revoked on new grounds in 2004, <u>and</u> he was sentenced for another criminal offense in 2005 that will subject him to restraints on his liberty beyond the extended expiration date of his first criminal justice sentence.

Petitioner was paroled for the second time from his 1997 conviction on September 22, 2003.  On December 20, 2004, after testing positive for the presence of opiates, Ascenzi was recommitted by the Parole Board as a technical parole violator.  Ascenzi was also arrested on a new drug charge, to which he pled guilty.  On May 23, 2005, he was sentenced to two (2) to four (4) years' incarceration for this new drug charge.  Taking into account the jail time credited against the new sentence, Ascenzi will remain subject to that new sentence beyond April, 2, 2007, the date to which the expiration of his first sentence apparently was

extended as a result of the summary offense conviction.  Setting aside the summary offense would have no effect whatsoever on the date of Ascenzi's eligibility for parole on the new sentence.  He will thus be serving the new sentence when the maximum date on his 1997 conviction is attained.

It is thus evident that Ascenzi was neither in custody nor subject to future restraints on his liberty as a result of the summary offense conviction at the time he brought this proceeding.  It appears that at the time he brought this proceeding, he was incarcerated as a technical parole violator on charges independent of the summary offense. Finally, any extension of the parole date on his first sentence as a result of the summary offense was rendered academic by his 2005 sentence, which meant that he would be subject to restraints on his liberty beyond the extended maximum date on his first sentence. Invalidating the summary offense conviction could in no way shorten the period of time he must serve on the 2005 sentence because it was his technical parole violation term that would delay the start of the effective date on the 2005 sentence.

Accordingly, setting aside the summary offense could not result in a conclusion that Ascenzi was "in custody in violation of the the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), when he brought this proceeding.  He was then confined as a technical parole violator on a separate matter.  Nor would a successful challenge mean that he will avoid otherwise unconstitutional restraints on his liberty in the future.  His 2005 sentence

-7-

assures this fact. Because Ascenzi was not in custody in violation of the Constitution or laws of the United States when he commenced this proceeding, this Court is without jurisdiction to entertain his challenge to the summary offense. Maleng, 490 U.S. at 91.

    Moreover, even if Ascenzi were in custody as a result of the summary offense at the time he brought this proceeding, he is now serving a separate sentence and is not subject to any collateral consequences from the summary offense sufficient to create a continuing live case or controversy in this matter. If Ascenzi were to prevail in this action, he would then have to challenge the Parole Board's action in reincarcerating him in 2003 and forfeiting street time. In Spencer v. Kemna, 523 U.S. 1, 8-13 (1998), the Court dismissed as moot a habeas petition challenging the revocation of parole because the period of reincarceration had expired and there were no collateral consequences attending the revocation of parole sufficient to create a live controversy. The analysis of Spencer is applicable here: the Parole Board's decision in 2003 to re-commit Ascenzi based upon the summary offense no longer has any meaningful consequences insofar as present or future restraints on Petitioner's liberty are concerned. Accordingly, dismissal of the habeas petition is warranted.[3]

                                                      **s/ Thomas I. Vanaskie**
                                                      Thomas I. Vanaskie
                                                      United States District Judge

---

[3] In light of this conclusion, Petitioner's request for appointment of counsel will be denied. Moreover, there is no basis for issuance of a certificate of appealability.

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL J. ASCENZI,** | : |
| | : |
| **Petitioner,** | : |
| | : **CIVIL NO. 3:CV-06-0371** |
| v. | : |
| | : **(JUDGE VANASKIE)** |
| **CHARLES ERICKSON,** | : |
| | : |
| **Respondent.** | : |
| | : |

## O R D E R

**AND NOW**, this 7th day of March, 2006, it is ordered that:

1. The Petition (Dkt. Entry 1) for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED**.

2. Petitioner's Motion for Appointment of Counsel (Dkt. Entry 12) is **DENIED**.

3. A certificate of appealability is **DENIED**.

4. The Clerk of Court shall mark this matter **CLOSED**.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie
                                              United States District Judge